BEER, Judge.
On July 14, 1975, Giacomina Avegno (vendor) and Emory Byrd, Jr. (vendee) made an agreement to purchase certain real property. Byrd then gave Avegno’s agent, Sloan, a deposit in the form of a demand promissory note in the amount of $10,400. The agreement provided that the act of sale was to be passed before September 1, 1975. Prior to the act of sale (scheduled for August 29, 1975), Byrd notified Avegno’s agent that he was unable to obtain financing because the title to the property was unmerchantable. Cancellation of the sale resulted in this suit being filed on the agreement to purchase and on the demand promissory note by the vendor who had become the holder thereof. Byrd, as defendant in the suit on the note, counter claimed against third-party-defendant Doris Hebert, Realtor (Avegno’s agent and Sloan’s employer), for damages resulting from the alleged bad faith negotiation of the note to Avegno in violation of Louisiana Real Estate Commission regulations authorized by LRS 37:1436. Those regulations regarding funds held in trust by realtors provide as follows:
“14(e) Monies received and deposited in escrow (trust) accounts shall be removed and/or disbursed therefrom only upon:
1. Mutual consent of buyer(s) and sellers);
2. Court Order.”
The main demand was dismissed and judgment was rendered in favor of Byrd and against Doris Hebert, Realtor in the sum of $3,500.
Doris Hebert, Realtor appeals alleging error in the award of damages and the finding that the negotiation or surrender of the note to Avegno was an actionable breach of trust. In written reasons, the able trial *1309 judge noted that surveys showed the property to be suggestive of litigation, thereby voiding the agreement to purchase. Thus, the trial court concludes that the agent’s unilateral endorsement and surrender of the deposit note to Avegno without Byrd’s consent was an actionable breach of trust. Finally, the trial court determined that such breach entitled Byrd to a judgment for damages based upon his expenses resulting from the litigation, which the court set at $3,500.
While the propriety of Doris Hebert, Realtor’s action in surrendering the note to Avegno may be questioned,[1] it did not enhance Avegno’s rights nor prejudice the position of Byrd since the suit which Aveg-no filed against Byrd, though referring to the note as being due and owing, fairly alleges the basis thereof as breach of contract.
Thus, it is apparent from the pleadings that the suit by Avegno against Byrd was not, in fact, based on non-payment of a promissory note but was a suit alleging breach of a contract to purchase. Under these circumstances, we find no statutory or contractual basis upon which we are empowered to affirm an award of damages in favor of Byrd, notwithstanding our ac-knowledgement that the record supports the conclusion reached by the able trial judge that Byrd was obliged to expend approximately $3,500 (the amount awarded) in defending the litigation with which we are here concerned.
Even so, we find merit in Byrd’s contention that the actions of Doris Hebert, Realtor are subject to criticism and are in apparent violation of Regulation 14(e) of the Louisiana Real Estate Commission. Accordingly, though we must, for the foregoing reasons, reverse, we do so at appellant’s cost.
The judgment is reversed. Byrd’s third party claim against Doris Hebert, Realtor is dismissed. All costs of this appeal and attributable to the third party demand are taxed against Doris Hebert, Realtor.

REVERSED AND RENDERED.

. On the day before or the morning of the day scheduled for the passage-of the act of sale, both the realtor and the notary were notified by mailgram by defendant that he would not accept title because of his inability to procure financing and because the title to the realty was unmerchantable. He also demanded the return of his promissory note.